UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04031-WLH-SK | Date | July 27, 2026 |
| Title | ***Cristian Rene Pacheco v. Acting or Current Warden et al*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE TEMPORARY RESTRAINING ORDER [1]**

The Court is in receipt of Petitioner's Petition for Writ of Habeas Corpus. (Petition, Dkt. No. 1). Because Petitioner, who is proceeding *pro se*, seeks immediate release, the Court construes the Petition as an Application for a Temporary Restraining Order. Petitioner seeks immediate release or an individualized bond hearing. (*See generally*, Petition). On July 27, 2026, Respondents filed a Response stating that they "are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Response at 1, Dkt. No. 10). As such, the Court deems the Application for a Temporary Restraining Order and Petition unopposed. For the reasons set forth below, the Court **GRANTS** Petitioner's request.

Petitioner (A-241-832-897) is a foreign national of Nicaragua who entered the United States on June 15, 2022, under parole status. (Petition at 1). Petitioner has complied with his parole and does not have a criminal history. (*Id.*). Petitioner was

arrested and detained without notice while walking to work. (*Id.*). Prior to, and since his detention, Petitioner has not received an individualized custody determination or bond hearing that considers his legal parole status. (Id. ¶ 8). Because the Respondents do not oppose this Application, its merits are conceded. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *see also* C.D. Cal. L.R. 7-9 (setting forth the requirement of opposition brief or statement of non-opposition).

The INA permits that, "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). Under Section 212.5(e) written notice of the termination of parole is required except where the immigrant has departed or when the specified period of parole has expired. *See* 8 C.F.R. § 212.5(e). Section 212.5(e)(2)(i) states "parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole." 8 C.F.R. § 212(e)(2)(i).

Based on the undisputed facts in this case, none of these provisions permit Respondents to revoke Petitioner's parole status without process. Because Petitioner has established that: (1) he is likely to succeed on the merits for the reasons stated in the Application; (2) he is likely to suffer irreparable harm in the absence of preliminary relief as demonstrated by his continued illegal detention; and (3) the balance of equities tips in his favor such that an injunction is in the public interest, the Court **GRANTS** Petitioner's Application. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (explaining the four factors that courts apply in evaluating TROs and preliminary injunctions: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Petition is **GRANTED**.[1] The Court **ORDERS** the following.

1. Respondents are **ORDERED** to immediately release Petitioner from detention. Respondents must file a declaration by July 30, 2026, confirming Petitioner has been released from custody;
2. Respondents are **ENJOINED** from detaining Petitioner, or placing any significant restriction on his liberty such as electronic monitoring, unless he is provided with an individualized bond hearing (with reasonable notice and opportunity to prepare) before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order, unless the Petitioner requests a continuance and then within the time requested by Petitioner;
3. Petitioner is not required to secure a bond, as the government has provided no evidence of costs it will incur in releasing Petitioner. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("[A court] may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining [their] conduct."); and
4. Respondents are **ORDERED** to serve a copy of this Final Judgment on Petitioner at his last known address.

**IT IS SO ORDERED.**

[1] Because final judgment has been entered, the Court rescinds the referral to Magistrate Judge Kim.